George C. Sena, J.
This matter having come on for trial before me, wherein the thrust of plaintiff’s cause of action is that defendant Western Union, failed to deliver a message from plaintiff’s stockbroker that her margin account would be sold unless payment of $3,872.93 was made to sender prior to August 18, 1970. Plaintiff further alleged that said message was not delivered and that subsequently, sometime on or about August 25 the message was delivered but altered to indicate that payment (of the aforesaid amount) had to be made by August 28, 1970. It is plaintiff’s contention that the latter message was altered by an agent or employee of Western Union, hence the sellout which occurred on or about August 20, 1970, and losses which followed were incurred solely because of the negligence and/or deliberate acts of Western Union or its agents and employees.
The court need not review the testimony of the various witnesses produced by both sides to this litigation. Suffice it to note that pursuant to section 90 of article 5 of the Public Service Law, Western Union was required to file and did file the "tariff” with the Public Service Commission. The tariff reads in pertinent part:
"The telegraph company will not be liable for damages or statutory penalties where the claim is not presented in writing to the telegraph company within 90 days after the message is filed with the telegraph company for transmission.”
No evidence has been presented to this court to indicate that the mandate of said tariff was complied with by the plaintiff.
Complaint herein is dismissed and I hereby order and adjudge that said defendant have judgment accordingly.